Edward M. O ’Gorman, J.
This is an application for a certificate of reasonable doubt. The claim is made on behalf of the defendant that he was not represented by counsel at the time of his conviction in the City Court of the City of Newburgh, and that his physical condition was such that he was unable to waive his right to counsel intelligently.
The application is opposed on behalf of the People, on the ground that the County Court of Orange County no longer has jurisdiction to admit the defendant to bail pending his appeal.
'Section 2018 of the Uniform City Court Act provides that a defendant may appeal from an adverse judgment in a criminal action in the same manner as from a judgment in an action prosecuted by indictment, and ‘ ‘ may be admitted to hail upon an appeal in like manner ”. The section further provides that the appeal shall be to the County Court ‘ ‘ unless the appellate division of the supreme court shall have created an appellate term for the judicial district in which the court is located and has directed that such appeals be taken to such appellate term, in which case they shall be so taken.”
The Appellate Division, Second Department, has in fact so directed by its order amending the Preamble to the Rules of the Appellate Term of the 'Supreme Court, Second Judicial Department, effective April 1,1965. (See Rules of the Appellate Term, Second Department).
Prior to this order, section 753 of the Code of Criminal Procedure provided that the Judge of the County Court wherein the appeal shall be heard may admit the defendant to bail pending the determination of the appeal, on condition that he will abide the judgment of the County Court upon the appeal. The purpose of this section is to prevent a situation in which an improp *436 erly convicted defendant is deprived of the fruits of his successful appeal by being required to spend a substantial period in jail while awaiting the determination of his claim. This same bail procedure pending appeal was carried over into the provisions of section 2018 of the Uniform City Court Act.
The question presented upon this application is whether or not the order of the Appellate Division, Second Department, supra, which transfers from the County Court jurisdiction with respect to hearing the appeal, has also removed from the County Court its power to admit to bail pending the determination of the appeal. In my view, a reasonable construction of section 753 and the other sections of the code (§§ 749, 750, 751), and section 2018 of the Uniform City Court Act does not require this result. There is no doubt that the files in connection with an appeal from a Court of Special Sessions are at present properly filed in the County Clerk’s office of the county from which the appeal originates, nor is there any doubt that the prosecutor who is called on to defend the appeal on behalf of the People of the State of New York is the District Attorney of the county from which the appeal originates.
The order of the Appellate Division, Second Department, directing that after the effective date thereof appeals from the City Court shall be heard in the Appellate Term, did not purport, either explicitly or by any reasonable implication, to otherwise modify the provision of section 2018 which provided that the defendant may be admitted to bail upon an appeal in the same manner as in an action prosecuted by indictment. The order is limited to a direction that “ all appeals * * * authorized by law to be taken shall be taken ’ ’ to the Appellate Term, and the only power vested in the Appellate Term in connection therewith, by the provisions of such order, is that it shall, after the effective date, ‘ ‘ have jurisdiction to hear and determine all such appeals.”
I conclude, therefore, that the County Court of the county from which the appeal originates still has the power to admit the defendant to bail pending the determination of his appeal by the Appellate Term. Nothing in the direction of the Appellate Division, Second Department, indicates that any modification of the incidental procedures heretofore mandated by the Legislature was intended. Any modification of such a reasonable and orderly procedure should be the result of a clear directive, and should not be based upon an implication drawn from silence on the subject. The change of the forum for hearing the appeals was designed to relieve the County Courts which had congested trial calendars of the additional responsibility of determining *437 appeals from the lower courts. This change in no way was concerned with the question of hail or who was to admit to hail.
In view of the foregoing, I conclude that the County Court has the power to admit to bail pending an appeal from a Court of Special Sessions located in the county, and in this particular case the court will exercise its discretion and admit the defendant to bail pending his appeal.